```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| THIELE DAIRY, LLC, A Nebraska Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3015 |
| v. | ) ) | |
| EARTHSOILS, INC., a Minnesota Corporation and MIKE A. MCCORMACK, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

The parties disagree on the discoverability of documents used or prepared by the defendants' insurer's experts who were "retained or specially employed" but who are not expected to be called as witnesses. Defendants have filed a motion to quash subpoenas duces tecum for such documents. The plaintiff has opposed the motion.

Initially, the motion is not properly before the court, as the moving parties have failed to demonstrate compliance with NECivR 7.1(i). That rule requires personal consultation between counsel before the filing of "any discovery motion." There has been no showing in this case that counsel have conferred as the rule requires. Although the court could deny the motion on this basis alone, I shall address the merits, as they, too, require denial of the motion.

Defendants rely on Fed. R. Civ. P. 26(b)(3), 26(b)(4)(B), and 45(c)(3). Rule 45(c)(3) allows the court to quash a subpoena if it requires disclosure of "protected matter," and defendant claims the requested materials are protected by the work product rule. Rules 26(b)(3) and (b)(4)(B) both require a finding that

documents and tangible things, to be covered by that rule, must be found to have been created (or in the case of experts, "employed") "in anticipation of litigation" (or, again with experts, employed in "preparation for trial").  Once the court determines that one or both of these rules apply, the requesting party must show that "exceptional circumstances" exist which would overcome the protection afforded under the rules.

   The initial burden is on the one invoking the work product rule to demonstrate its applicability.  PepsiCo, Inc. v. Baird, Kurtz & Dobson, LLP., 305 F.3d 813 (8th Cir. 2002); Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir.1987), cert denied, 484 U.S. 917; Rayman v. American Charter Federal Sav. & Loan Ass'n, 148 F.R.D. 647, 653 (D. Neb. 1993);  McFadden v. Norton Co., 118 F.R.D. 625, 632 (D. Neb.1988).  This is a factual inquiry, to be determined from the totality of the circumstances shown from the evidence presented, geared to finding

> ... whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.  But the converse of this is that even though litigation is already in prospect, there is no work-product immunity for documents prepared in the regular course of business rather then for purposes of the litigation.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d Section 2024.

   In support of the motion, defendants have filed the affidavit of Gale Schutte, a casualty consultant for Farm Bureau Mutual Insurance Company, the defendants' insurer, who has "primary responsibility for the supervision of this claim and the pending litigation."  His affidavit states:

2

>    3.   Farm Bureau issued a commercial general liability policy to Earthsoils, Inc. that provided coverage for the claims set forth in the Plaintiff's Complaint.  Farm Bureau retained two agronomists, Dale Softley and Dale Flowerday, to investigate the Plaintiff's claims that the fertilizer provided by Earthsoils, Inc. to the Plaintiff caused damage to the Plaintiff's 2007 corn crop.  Mr. Softley and Mr. Flowerday were both retained in anticipation of litigation and the documents requested in the subponae contain facts known and opinions held by Mr. Softley and Mr. Flowerday as a result of their investigation on behalf of Farm Bureau and its insured, Earthsoils, Inc.

This is the entirety of the defendants' evidentiary showing to establish that the materials requested are work product and protected from discovery.

The affidavit fails on many counts.  There is no indication that Mr. Schutte is an attorney or worked for one.  There is no indication of when Mr. Softley and Mr. Flowerday were retained or the terms of their contracted employment.  There is no mention of when they visited the plaintiff's property, nor what representations, if any, were made by them or others to plaintiff's employees or representatives, nor what other extant circumstances would inform the court on whether the "anticipation of litigation" in fact existed as of that time.  Merely stating that they were "retained in anticipation of litigation" does not make it so without evidence.  There is nothing before the court indicating that the materials requested were created other than in the ordinary course of the insurer's business of evaluating claims.  That is a principal part of any insurer's business, and even though some percentage of claims will inevitably result in litigation, there is nothing in this showing that this one was "anticipated" to be one of them, nor why.  Defendants' evidentiary showing is woefully inadequate to make either Rule 26(b)(3) or Rule 26(b)(4)(B) applicable.  Defendants have thus failed in their burden of proof, and accordingly,

IT THEREFORE HEREBY IS ORDERED,

The motion to quash, filing 23, is denied.

DATED this 6th day of May, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge