IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THIELE DAIRY, LLC, A Nebraska Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3015 |
| v. | ) ) | |
| EARTHSOILS, Inc., a Minnesota Corporation, and MIKE A. McCORMACK, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

The defendants appeal from the denial of a motion to quash. The plaintiff sought documents and opinions related to an investigation conducted by two agronomists in 2006 and 2007 on behalf of an insurance company (*see*, *e.g.*, filing 23-2, Attach. 2 (Flowerday Subpoena), at CM/ECF p. 3) and the defendants moved to quash contending that such information was protected work-product. (Filing 23, Attach 1 (Mot. to Quash), at CM/ECF p. 1.) Judge Piester denied the motion in a thoughtful opinion. (Filing 30.)

I must apply federal law to work product claims. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) (reversing in part and concluding that quality control assessments prepared for bottler by its internal auditor *after* bottler retained auditor to assist in litigation of soft drink manufacturer's action to terminate

bottling agreement, were protected by work product privilege; however, also affirming holding that similar assessment prepared *prior* to the commencement of litigation were discoverable) (citing *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir.1983)). *See also* Fed.R.Civ.P. 26(b)(3)(A) & 4(B). If work product exists, it is not discoverable unless the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means. *Id*.

Remembering that the party seeking protection of work-product bears the burden of showing that the materials were prepared in anticipation of litigation, I agree with Judge Piester that the affidavit of Mr. Schutte (filing 23-4, Attach. 4 (Schutte Aff.), at CM/ECF pp. 1-2) is insufficient to establish that the work of the consultants was prepared "because of the prospect of litigation." I have several reasons for this conclusion.

First, litigation had not commenced when the consultants began their work and no insurance claim had been denied. Second, the initial claims investigation concluded that the claimants "were honest and forthcoming[,]" but that hiring agronomists was necessary to better understand the claim. (Filing 37 (letter from Frontier Adjusters to Farm Bureau) at CM/ECF p. 7.) This initial report wholly fails to establish that anyone thought that litigation was then a "prospect." Third, there is no Eighth Circuit precedent for the proposition (implicit in the defense argument) that every time an insurance company diligently examines a claim that litigation might be in sight. Fourth, the unadorned statement by the insurance company supervisor that the consultants "were both retained in anticipation of litigation" (filing 23-4, attach. 3 (Schutte Aff.) at CM/ECF p. 1), without supporting facts about which the supervisor had personal knowledge, is no more than an invitation to take the claims guy at his word. That requires undue credulity. More importantly, acceptance of such an unsupported conclusion is inconsistent with the governing law.

*A caveat:* The plaintiff is entitled to discovery of documents and opinions prepared or expressed by the consultants *prior to* the denial of the insurance claim and prior to the commencement of this suit. On this record, documents and opinions prepared or expressed by the consultants *after* the denial of the insurance claim or after the commencement of this suit *are not discoverable*. I do not understand Magistrate Judge Piester's ruling to be otherwise. Therefore,

IT IS ORDERED that the appeal (filing 31) is denied.

DATED this 4th day of June, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge